IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BODUM USA, INC., | |
| Plaintiff, | |
| v. | No. |
| SUPREME MARKETING, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF
TRADE DRESS AND UNFAIR COMPETITION**

For its Complaint against Supreme Marketing, Inc. ("Supreme Marketing"), Plaintiff Bodum USA, Inc. ("Bodum") alleges:

**NATURE OF THE ACTION**

1.      This Complaint seeks injunctive relief and damages for Supreme Marketing's trade dress infringement of Bodum's iconic CHAMBORD® Trade Dress embodied in its French press coffeemakers pursuant to section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); and unfair competition (Count II).

**THE PARTIES**

2.      Bodum is a Delaware corporation having its principal place of business at 601 West 26th Street, New York, NY 10001.

3.      Bodum is in the business of, among other things, importing, distributing, promoting and selling high-quality, designer specialty housewares, including a line of nonelectric coffeemakers and related items under the federally registered trademark CHAMBORD® throughout the United States, including this Judicial District.

4.      Supreme Marketing is a California corporation having its principal place of business, on information and belief, in Milpitas, California.

5.      Supreme Marketing is in the business of, among other things, promoting and selling household goods and specialty housewares throughout the United States, including this District, including nonelectric coffeemakers and related items.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Count I of the Complaint under 15 U.S.C. § 1125, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because the claim herein involves questions of federal law.  This Court also has jurisdiction over Count II under 28 U.S.C. §§ 1338(b) and 1367 because this claim is substantially related to the claims in Count I under the United States trademark laws.

7.      This Court has personal jurisdiction over Supreme Marketing under N.Y. C.P.L.R. § 302 because Supreme Marketing (a) has committed and/or is committing tortious acts within the state and (b) has committed and/or is committing tortious acts without the state causing injury to persons or property within the state and both (i) regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, and (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.  Further, this Court's exercise of personal jurisdiction over Supreme Marketing complies with the Due Process requirements of the United States Constitution and the New York Constitution.

8.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

9.      Since approximately 1983, Bodum has been engaged in the importation, promotion, distribution and sale in the United States of high-quality nonelectric French press coffeemakers, including Bodum's CHAMBORD® coffeemakers.  During this period of time, Bodum has sold such coffeemakers throughout the United States.

10.      Since 1983, Bodum has expended substantial amounts of money, time and effort to acquire, develop, advertise and promote its CHAMBORD® coffeemaker embodying its CHAMBORD® Trade Dress in the United States.

11.      Bodum has cultivated the unique and distinctive overall appearance of its CHAMBORD® coffeemakers, such that consumers and people working in the housewares industry are easily able to identify such products as originating from Bodum.  This unique, iconic and inherently distinctive overall appearance includes the design of the metallic stand that holds the carafe, the design of the handle, the distinctive bands affixing the handle to the carafe, the shape of the knob on the plunger, as well as other aspects of Bodum's CHAMBORD® coffeemaker.  A picture of Bodum's CHAMBORD® coffeemaker is attached hereto as **Exhibit A**.  This overall design of Bodum's coffeemaker is referred to herein as the "Bodum CHAMBORD® Trade Dress."

12.      All the features that constitute the Bodum CHAMBORD® Trade Dress are nonfunctional, in that they serve a decorative and aesthetic purpose and are not required to exist in this design in order for the coffeemaker to be used for its intended purpose.  This nonfunctionality is further demonstrated by the existence in the marketplace of numerous French press coffeemakers with completely different designs than the Bodum CHAMBORD® Trade Dress.

13.     Bodum, long prior to the acts of Supreme Marketing described in this Complaint, has extensively advertised and promoted the Bodum CHAMBORD® Trade Dress.  As a result of the care and skill exercised by Bodum, and because of the extensive advertising, promotion, sale and public acceptance of the Bodum CHAMBORD® Trade Dress, Bodum's CHAMBORD® coffeemakers have acquired a fine and valuable reputation.  The public recognizes the Bodum CHAMBORD® Trade Dress as a source identifier for Bodum's products exclusively.  Bodum's CHAMBORD® coffeemakers have acquired an outstanding celebrity, and symbolize the fine reputation and goodwill that Bodum has created by distributing and selling products of high quality by fair and honorable dealing with the housewares trade and public in the distribution and sale thereof.  Accordingly, the Bodum CHAMBORD® Trade Dress has acquired secondary meaning.

14.     The identifying appearance of the Bodum CHAMBORD® Trade Dress constitutes protectable property of Bodum.

15.     Bodum has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote the Bodum CHAMBORD® Trade Dress and related products through, in part, distribution of catalogs and brochures, advertising campaigns, national and international trade shows, fixture programs with retailers, and demonstrations and training. Such efforts have created and reinforced the association of the Bodum CHAMBORD® Trade Dress with Bodum in the minds of the trade and the consuming public.

16.     Bodum also has spent considerable money, time and effort enforcing its trade dress rights against would-be competitors who attempt to sell knockoffs of the CHAMBORD® coffeemaker, including prosecuting lawsuits and sending cease-and-desist letters.

17.    As a result of Bodum's efforts, the CHAMBORD® coffeemaker has become Bodum's flagship product in the United States, and has assumed a dominant, iconic position in the French press market.

18.    Bodum recently has discovered that Supreme Marketing has been promoting and advertising for sale one or more nonelectric French press coffeemakers that are colorable imitations of Bodum's CHAMBORD® coffeemakers.  A true and correct copy of a picture of such a product is attached hereto as **Exhibit B**, and will be referred to herein as the "Accused Product."

19.    The Accused Product copies the look and overall appearance of the Bodum CHAMBORD® Trade Dress, including the elements described above, and is confusingly similar thereto.

20.    The Accused Product is advertised, promoted and marketed in the same channels of trade as the Bodum CHAMBORD® Trade Dress in the United States, including this District.

21.    On information and belief, Supreme Marketing knew of the Bodum CHAMBORD® Trade Dress and Bodum's hard-earned goodwill at all pertinent times prior to Supreme Marketing's first promotion and sale of the Accused Product.

22.    Supreme Marketing has deliberately adopted an appearance for its competing Accused Product seeking to trade upon the hard-earned goodwill of Bodum, and it has deliberately attempted to ride Bodum's coattails to capitalize on the Bodum CHAMBORD® Trade Dress.  Accordingly, Supreme Marketing's infringement is willful and this action is an "exceptional case."

23.    Confusion will be likely to result from Supreme Marketing's conduct unless enjoined by this Court.

24. Bodum has been and will continue to be seriously and irreparably injured unless Supreme Marketing's conduct is enjoined by this Court.

**COUNT I**
**TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125**

25. As a complete and first ground for relief, Bodum hereby charges Supreme Marketing with false representation and/or false designation of origin under 15 U.S.C. § 1125(a), and realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint.

26. Supreme Marketing has intentionally adopted and is using in commerce, in connection with the advertising, promotion and sale of the Accused Product, an overall appearance that is intended by Supreme Marketing to be substantially similar to, and a colorable imitation of, the distinctive Bodum CHAMBORD® Trade Dress.

27. Supreme Marketing's unlawful adoption and use, in commerce, of such a colorable imitation of the Bodum CHAMBORD® Trade Dress without the authorization of Bodum are likely to cause confusion, to cause mistake and/or to deceive consumers as to the affiliation, connection or association of Supreme Marketing with Bodum or as to the origin, sponsorship or approval of Supreme Marketing's goods with Bodum's.

28. Through the promotion, advertising and sale of such a confusingly similar coffeemaker, Supreme Marketing has unlawfully simulated, appropriated and infringed Bodum's rights and its proprietary trade dress.  Such conduct and appropriation constitute a false description or representation of Bodum's products or a false designation of origin, in violation of 15 U.S.C. § 1125(a).

29. Supreme Marketing's conduct and its false representations of genuineness have injured and will injure Bodum by diversion of Bodum's goodwill and sales to Supreme Marketing, and by diminishing and destroying Bodum's goodwill and reputation.  Bodum seeks

damages in such sum as may be proved at the time of trial in a sum equal to that received by Supreme Marketing and those sums lost by Bodum as a result of such conduct and actions, in an amount to be proved at the time of trial, but not less than $75,000.

## COUNT II
## COMMON LAW UNFAIR COMPETITION

30.     As a complete and second ground for relief, Bodum hereby charges Supreme Marketing with common law unfair competition and realleges and incorporates herein by this reference paragraphs 1 through 24 of this Complaint.

31.     Bodum alleges that Supreme Marketing, by careful and considered planning, has promoted the Accused Product to consumers through the use of the Bodum CHAMBORD® Trade Dress so as to confuse and deceive consumers and obtain the acceptance of their goods based on the merit, reputation and goodwill of Bodum and its high-quality products and services.

32.     Supreme Marketing's actions constitute oppression, fraud and malice in that they have intentionally engaged in activities designed to confuse the public and to divert sales to Supreme Marketing that would have otherwise been enjoyed by Bodum.

33.     Bodum further alleges that Supreme Marketing has misappropriated and unlawfully exploited the valuable property rights and goodwill of Bodum and Bodum's CHAMBORD® Trade Dress through Supreme Marketing's use of a confusingly similar trade dress.  As a result of such misappropriation, Bodum has suffered and will suffer damages and irreparable injury to its property and goodwill, including destruction of the business value of Bodum's CHAMBORD® Trade Dress, and Supreme Marketing will be unjustly enriched thereby.  Said damages will be in such sum as may be proved at the time of trial, in an amount not less than $75,000.

WHEREFORE, Plaintiff requests that this Court enter judgment that Defendant Supreme Marketing, Inc.:

A.      infringed Bodum USA, Inc.'s rights in the Bodum CHAMBORD® Trade Dress and competed unfairly with Bodum USA, Inc. by use of a trade dress confusingly similar to the Bodum CHAMBORD® Trade Dress in the use, promotion and sale of the Accused Product;

B.      be, together with its officers, agents, servants, employees, attorneys, importers, suppliers and all persons in active concert and participation with it who receive notice, preliminarily and permanently enjoined from:

1.      advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade dress confusingly similar thereto,

2.      advertising, marketing, offering for sale or selling the Accused Product and related products utilizing the Bodum CHAMBORD® Trade Dress or any trade packaging confusingly similar thereto,

3.      unfairly competing with Bodum USA, Inc., and

4.      causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by Bodum USA, Inc., or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to Bodum USA, Inc.;

C.      be directed to deliver up to this Court for destruction, pursuant to 15 U.S.C. § 1118, coffeemakers in its possession bearing a trade dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress or any reproduction, counterfeit, copy or colorable imitation thereof, and be required to recall all products or packaging bearing a trade

dress that is identical or substantially similar to the Bodum CHAMBORD® Trade Dress from Supreme Marketing's customers and refund any monies paid for such products to its customers;

D. account and pay to Bodum USA, Inc. all profits received from the sale of products bearing a trade dress that is identical or confusingly similar to the Bodum CHAMBORD® Trade Dress;

E. pay to Bodum USA, Inc. its actual damages on account of Supreme Marketing's infringement, unfair competition and false representation, including, but not limited to, the reasonable value of the use of the Bodum CHAMBORD® Trade Dress to Supreme Marketing, and that, in view of the flagrant and deliberate character of such infringement and unfair competition, such damages be trebled;

F. award Bodum USA, Inc.'s reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); and

G. award such other and further relief in favor of Bodum USA, Inc. as this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Bodum USA, Inc. hereby demands a jury trial for all issues in this case that properly are subject to a jury trial.

Dated:  May 17, 2016                                  Respectfully submitted,

VEDDER PRICE P.C.

By:  s\ Daniel C. Green
   Daniel C. Green
   1633 Broadway, 47th Floor
   New York, New York 10019
   Telephone: (212) 407-7700
   Facsimile: (212) 407-7799

   *Of Counsel:*

   David E. Bennett
   Nicole J. Highland
   222 North LaSalle Street, Suite 2600
   Chicago, Illinois 60601
   Telephone: (312) 609-7500
   Facsimile: (312) 609-5005

   *Attorneys for Plaintiff*
   *Bodum USA, Inc.*